PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. LORENZO ROLDÁN, Defendant and Appellant.

No. 4488.   Argued November 17, 1931.—Decided December 22, 1931.

*José L. Márquez, Jr.,* for appellant.   *R. A. Gómez* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of· the Court.

Lorenzo Roldán was charged with having illegally practiced dentistry. The Municipal Court of Aguadilla where the complaint was filed convicted him. He appealed to the district court, which also convicted him. He then appealed to this Court.

The entire record was sent up, and the brief of the appellant is quite extensive. It sets forth eight assignments of error of which only one, the first, is of importance and is formulated thus:

"The lower court committed manifest error in failing to sustain the· amended motion to quash the search warrant."

If we could enter into a consideration of the search warrant we would perhaps have to decide that it was void, but the *Fiscal* raises in his brief the following preliminary question which prevents us from going into the merits of the matter. It is stated by the *Fiscal*:

"We maintain that as the motion does not contain any allegation to the effect that the articles seized belonged to or were in the possession of the defendant-appellant, or that the seizure and search was carried out in the domicile or home, or in the premises

of the defendant, the latter can not contest the validity or legality of the search warrant nor the manner in which the latter was procured and executed.

"This is so for the simple reason that, as it does not appear that the articles seized belonged to the defendant or that the search and seizure were carried out in the premises of the defendant, none of the constitutional rights of the said defendant, safeguarded by the Fourth and Fifth Amendments to the Constitution, has been violated."

The *Fiscal* then cites copious jurisprudence in support of his contention. We transcribe therefrom the following excerpts which appear to us to be most applicable:

"One whose interests are not affected in any manner by the search warrant can not question the validity thereof. If a party claims that the property seized or the premises searched did not belong to him, he is thereby debarred from availing himself of the illegality of the search and seizure. His rights must, in some manner, have been affected by the proceedings, either by the seizure of the property or otherwise, before he can be heard on the validity of the warrant. Apply'ng these principles, a codefendant of the person whose property has been illegally searched can not complain, nor if at the time of the search and seizure under a warrant the property be not in possession of the complaining party." Cornelius, "Search and Seizure," p. 242.

In *Remus* v. *United States* (C.C.A.) 291 Fed. 501, 511, the court said:

"A separate brief is filed in his behalf, which deals largely with this particular question. The warrant upon which this search and seizure was made purported to authorize a search of the premises of the defendant John Gehrum. So far as appears by this record, no other defendant claims to be interested either in the premises searched or the property seized. John Gehrum filed this motion, which is verified by his affidavit, and in which he avers that the property seized is his property, and was taken from him by an illegal search warrant, which among other defects did not particularly describe the premises and place to be searched. If this search warrant was illegal, and the search and seizure constituted an invasion of John Gehrum's constitutional rights, it certainly could not affect the constitutional rights of the other defendants, the

privacy of whose homes was not invaded, nor could they be heard to complain that the constitutional rights of Gehrum had been forcibly and unlawfully violated. Nor could Gehrum claim the benefits of the Fourth and Fifth Amendments on behalf of his codefendants.''

And in *Mac Daniel* v. *United States,* 294 Fed. 770, 771, the court expressed itself as follows:

''This search was made after MacNabb had been lawfully arrested, but pursuant to a search warrant which it is said is void, because issued without a sufficient supporting affidavit. Over objection and exception this evidence was admitted, on the theory that any objection to the manner in which the evidence was obtained was available only to MacNabb, who was not on trial, and was not available to Mac Daniel.

''Passing all questions as to the legality of the search and seizure, we agree in the view of the court below. An objection of this nature, it is well settled, is available only to the person whose premises have been unlawfully searched and whose documents have been unlawfully seized.''

As may be seen from an examination of the motion to quash involved, the defendant alleges ''that on a certain date a search was made of the house at No. 18, Dr. Betances Street Extension, occupied by Mrs. Julia Valentín de Roldán; that the defendant has rented a room adjoining the parlor in the said house, on the right-hand side going in; that in the kitchen of the said house at No. 18, Dr. Betances Street Extension, Sergeant Nieves seized the following articles . . .''

The accused states, therefore, that the house was occupied by Mrs. Valentín and that he had only one room rented next to the parlor. He does not say that said room was searched. Furthermore, he alleges that articles were seized in the kitchen of the house and does not even say that they belonged to him.

Under these circumstances, it must be concluded that the *Fiscal* is right and that the district court did not commit any error in overruling the motion to quash.

We have considered the other errors assigned and in our opinion they are nonexistent. The complaint is sufficient and the evidence supports the judgment, which must, therefore, be affirmed.